UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,                                    Case No. 3:16-PO-40

vs.

MARVIN ADAMS,                          Magistrate Judge Michael J. Newman

    Defendant.

## DECISION AND ENTRY GRANTING DEFENDANT'S
## MOTION FOR THE RETURN OF PROPERTY (DOC. 22)

This petty offense case is before the Court on Defendant's motion for the return of his property (doc. 22); namely, a firearm seized from his person at the Veterans Affairs Hospital ("VA") in Dayton, Ohio on or about December 8, 2015. Defendant was subsequently charged with possessing a firearm on the VA premises (doc. 1-1) and, on September 9, 2016, the undersigned, on the motion of the Government, dismissed the charges against Defendant (doc. 21), following his successful completion of Veterans Court. Defendant now seeks the return of his firearm. Doc. 22. The Court held a hearing on Defendant's motion by telephone on September 19, 2016; attorneys Dominick Gerace and Jeffry Slymam participated. During the telephone hearing, the Government stated that it does not oppose Defendant's motion and will assist, to the extent necessary, in having the firearm returned to Defendant from the VA Hospital.

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). "The general rule is that seized property, other than contraband, should be returned to the rightful owner after the criminal proceedings have terminated." *United States v. Headley*, 50 F. App'x 266, 267 (6th Cir.

2002) (citations omitted).  The Sixth Circuit has defined contraband as "[g]oods that are unlawful to possess[.]" *Savoy v. United States*, 604 F.3d 929, 934 n.1 (6th Cir. 2010) (citing BLACK'S LAW DICTIONARY (9th ed. 2009)).

Courts recognize two types of contraband: contraband *per se* and derivative contraband. *See United States v. 37.29 Pounds of Semi-Precious Stones*, 7 F.3d 480, 485 (6th Cir. 1993), *overruled on other grounds*, *United States v. James Daniel Good Real Property*, 51 U.S. 43 (1993).  Contraband *per se* includes "'things which intrinsically are illegal to possess,' such as illegal narcotics, unregistered stills, counterfeit money, sawed-off shotguns, and illicit gambling devices." *Id.* (citations omitted); *see also Cooper v. City of Greenwood, Miss.*, 904 F.2d 302, 304 (5th Cir. 1990) (defining "[c]ontraband *per se*" as "objects which are 'intrinsically illegal in character,' 'the possession of which, without more, constitutes a crime'") (citing *One 1958 Plymouth Sedan v. Pa.*, 380 U.S. 693, 699-700 (1965)).  "[D]erivative contraband are things that are not ordinarily illegal, like *guns*, automobiles, ships, and currency, that become forfeitable because of their relationship with a criminal act." *United States v. $50,000 U.S. Currency*, 757 F.2d 103, 106 (6th Cir. 1985) (emphasis added).  The firearm at issue here is not contraband *per se*, and, if contraband at all, is derivative contraband.  *See Semi-Precious Stones*, 7 F.3d at 485.

"[A] property interest in derivative contraband is not extinguished automatically if the item is put to unlawful use[.]" *Cooper*, 904 F.2d 302.  "[W]hile a criminal defendant has no expectation that contraband *per se* will ever be returned, a criminal defendant does have a legitimate expectation that other property, including property that may well be derivative contraband, will be returned to him once the criminal proceedings against him conclude, unless and until the [G]overnment successfully forfeits that property." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1213 n.13 (10th Cir. 2001).  Here, the Government has never sought to

2

forfeit the firearm and, in fact, agrees that the firearm should be returned to Defendant.  Based upon the foregoing, the undersigned finds that Defendant is entitled to the return of the firearm.[1]

Accordingly, the Court **ORDERS** the Government to return Defendant's firearm to him.  Defendant and the VA Hospital shall confer and agree on an appropriate, lawful, and timely course for the return of the property to Defendant.  The Court anticipates that such return of property shall occur within thirty (30) days.

**IT IS SO ORDERED.**

Date:   September 19, 2016                             s/ Michael J. Newman
                                                                      Michael J. Newman
                                                                       United States Magistrate Judge

---

[1] The Government does not dispute that Defendant is the owner of the firearm and entitled to the lawful possession of it.